[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR CONTEMPT (#121) AND DEFENDANT'S MOTION FOR MODIFICATION (#122)
The marriage of Lynn Bennett and Philip Bennett, Jr. was dissolved in this court May 28, 1976 and custody of their child, Philip Bennett, III, born May 16, 1974, was awarded to the mother. Mr. Bennett, according to the terms of the decree, was ordered to pay $35.00 weekly support and $15.00 weekly alimony. In 1980, approximately four years after the marriage was dissolved, the custody of Philip was awarded by the court to his father. Philip, now 18 years old, continues to reside with Mr. Bennett, and is seriously ill with cancer. Medical expenses have been incurred in his behalf well over $130,000 and there exists a series of disputes between the parties and their insurance carriers concerning coverage for these medical expenses.
The parties agree that the $15.00 weekly alimony has never been paid since it entered in May of 1976, which results in an arrearage of approximately $32,200.00. By a motion for contempt dated July 31, 1992 Lynn Bennett seeks the enforcement of this alimony order. Philip Bennett has filed a motion for modification dated August 24, 1992, in which he seeks, based on a claimed agreement with his former wife, a modification of the judgment, vacating the alimony order and any arrearage.[1] Both motions were heard and each party testified on September 17, 1992.
 II.
From the evidence deemed credible, the court finds the following facts. Lynn Bennett is a registered nurse employed at Waterbury Hospital and suffers from an organic nerve disorder called torticollis and because of this malady has recently been disabled and periodically unable to work. Since the 1976 dissolution of this marriage, she has never sought the enforcement of the $15.00 weekly alimony order and over $32,000.00 is owed on that order. While she denied that any agreement was ever made CT Page 9066 with her former husband concerning this alimony order, Mr. Bennett testified that when he took custody of his now 18 year old son, Philip, III, he and his former wife orally agreed that he would not seek any support from her for their son provided she did not enforce the weekly alimony order. — We find Mr. Bennett's testimony concerning the oral agreement more credible. We also find credible Mr. Bennett's testimony that the lawyer representing him in 1981 advised him by letter that the alimony order was modified from $15.00 weekly to $1.00 a year. Thus, we conclude that the defendant thought, based on professional advice from his lawyer, that he was no longer obligated to pay the $15.00 weekly order until these enforcement proceedings were begun by his former wife.[2]
 III.
Based on the factual findings, the court makes the following conclusions:
1. Mr. Bennett was acting in good faith and in reliance upon the oral agreement made with his former wife not to seek support for Philip upon her agreeing not to enforce the alimony order. Thus, we conclude that the plaintiff has failed to prove that the defendant has wilfully disobeyed the court's order and the plaintiff's motion for contempt is denied.
2. We also conclude that Lynn Bennett has knowingly and voluntarily waived the enforcement of the alimony order and we decline to find the arrearage claimed by her.
3. Finally, the defendant's motion to vacate the alimony order is denied.
Orders may enter accordingly.
WILLIAM PATRICK MURRAY, J. A Judge of the Superior Court